Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
David F. Makkabi, Esquire #249825
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
F.040-973
Attorneys for Secured Creditor USAA Federal Savings Bank,
its assignees and/or successors in interest

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | ) | Bk. No. 09-13030 |
|---|---|---|
| | ) | |
| CHEYANNE MICHELLE JORDAN AND PETER BRYAN JORDAN, | ) | CHAPTER 7 |
| | ) | |
| | ) | R.S. No. DRP – 622 |
| Debtors. | ) | |
| ─────────────────────── | ) | MOTION FOR RELIEF FROM <u>AUTOMATIC STAY</u> |
| | ) | |
| | ) | Hearing- |
| | ) | Date : December 10, 2009 |
| | ) | Time : 9:00 AM |
| | ) | Place : U.S. Bankruptcy Court |
| | ) |         99 South E Street |
| | ) |         Santa Rosa, California |
| ─────────────────────── | ) |         Courtroom (bkcy) |

   USAA Federal Savings Bank, its assignees and/or successors, move the Court for relief from the Automatic Stay provided by 11 U.S.C. §362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. §362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtors' property.

   Movant seeks relief pursuant to 11 U.S.C. §362(d)(1) for "cause" due to the failure of Debtors to make required payments and pursuant to 11 U.S.C. §362(d)(2) and alleges that, in accordance with the information set forth in the attached Declaration, there is no equity present in

-1-

the subject real property to justify the continuance of the Automatic Stay. See <u>Stewart v. Gurley</u> 745 F 2d 1194 (9th Cir. 1984).

Movant is informed and believes that Debtors have claimed an exemption with regard to the subject Property. Based upon this information and Movant's knowledge regarding the outstanding liens against the subject Property, Movant asserts that there is no equity available in the subject Property for the benefit of the estate.

In addition, and in the event that this Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§361 and 362, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments.

Movant alleges that the commercially reasonable value of the subject Property is approximately $203,000.00, as evidenced by Debtors' Schedules filed with this Court, a copy of which is attached hereto and made a part hereof. Movant requests that this Court take judicial notice of the aforementioned Schedules pursuant to <u>Federal Rule of Evidence Section 201</u>.

Movant also seeks an Order terminating and vacating the Automatic Stay for all purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

Furthermore, Movant seeks attorneys' fees and costs incurred in bringing this Motion. Movant requests such fees pursuant to the Contract securing Movant's claim or pursuant to 11 U.S.C. §506(b). Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note, pursuant to <u>Travelers Casualty v. Pacific Gas and Electric Co.</u>, 549 U.S. _____ (2007), and as allowed under applicable non-bankruptcy law.

In addition, Movant requests such further relief as is just.

This Movant also seeks an Order waiving the 10-day stay described by Bankruptcy Rule 4001(a)(3).

This Motion shall be based on these moving papers, as well as the attached Declaration.

Responsive pleadings, points and authorities and declarations are not required, but may be filed, pursuant to Bankruptcy Local Rule 4001(f).

In the event neither Debtors, the Debtors' Counsel or the Trustee appears at a hearing on this motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Debtors' property located at **16921 Greenridge Road, Hidden Valley Lake, California** and obtain possession of such property without further hearing.

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Deed of Trust.

2.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

3.) For attorneys' fees and costs for suit incurred herein.

4.) For an Order waiving the 10-day stay described by Bankruptcy Rule 4001(a)(3).

5.) For such other relief as this Court deems appropriate.

PROBER & RAPHAEL
A LAW CORPORATION

DATED: November 13, 2009     By /s/ Dean R. Prober Esquire
                                DEAN R. PROBER, ESQUIRE, #106207
                             Attorney for Secured Creditor